IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:18-cr-123-2 |
| | : | |
| v. | : | Judge Susan J. Dlott |
| | : | |
| Larrin Lewis, aka "Little Bro" | : | Order Denying Motion for |
| | : | Compassionate Release |
| Defendant. | : | |

This matter is before the Court on Defendant Larrin Lewis's Motion for Compassionate

Release (Doc. 94), to which the Government has filed a Response (Doc. 95) in opposition.

Because Lewis has not established that he exhausted his administrative remedies before filing

suit, the Motion will be **DENIED WITHOUT PREJUDICE TO RE-FILING**.

## I.    BACKGROUND

A grand jury issued a multi-defendant Indictment on September 12, 2018.  (Doc. 14.)

Lewis was charged with four counts:

> (Count One) Conspiracy to possess with intent to distribute and to distribute forty
> grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)
> and 846;
>
> (Count Two) Intentionally possess with intent to distribute fentanyl in violation of
> 21 U.S.C. §§ 841(a)(l), (b)(l)(B)(vi) and 18 U.S.C. § 2;
>
> (Count Three) Controlling premises at 3202 Andrew Street, Middletown, Ohio as
> a lessee/rentee and made available the residence for use to distribute or store
> fentanyl and heroin in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2; and
>
> (Count Ten) Intentionally distributing fentanyl in violation of 21 U.S.C.
> §§ 841(a)(l), (b)(l)(C) and 18 U.S.C. § 2.

(*Id.*)  The Government and Lewis entered a Plea Agreement on January 22, 2019 pursuant to

which Lewis agreed to plead guilty to Count One.  (Doc. 48.)  The Court accepted the guilty plea

that same day.  (Doc. 50.)  The crime to which he pleaded guilty required a mandatory term of

imprisonment of at least five years.  (Doc. 48 at PageID 180.)

The Court sentenced Lewis on July 19, 2019 to a term of imprisonment of seventy-two months followed by a term of supervised release of six years.  (Doc. 76.)  Lewis is incarcerated at Morgantown FCI.  According to the Bureau of Prisons ("BOP") website, his estimated release date is July 24, 2024.  *See* Federal BOP, "Find an Inmate:" https://www.bop.gov/inmateloc/ (last viewed 11/16/2020).

On April 14, 2020, the Court received an *ex parte* letter from Consuela Preston, Lewis's mother, requesting that Lewis be released to home confinement because of the COVID-19 pandemic.  (Doc. 87.)  On June 19, 2020, Lewis sent an *ex parte* letter on his own behalf requesting that the Court appoint counsel to help him file a motion for compassionate release. (Doc. 88.)  The Court initially denied Lewis's request because inmates have no constitutional right to counsel in 18 U.S.C. § 3582(c) proceedings.  (Doc. 90.)  However, the Court reconsidered its decision and ordered that counsel be appointed to Lewis after the Chief Judge for the Southern District of Ohio issued General Order 20-21 appointing the Federal Public Defender or a member of the Criminal Justice Act Panel to represent eligible defendants in § 3582(c) proceedings.  (Doc. 91.)  A CJA attorney was appointed to represent Lewis.  (Doc. 93.)

On October 18, 2020, counsel for Lewis filed the pending Motion for Compassionate Release due to the COVID-19 pandemic.  The Government opposes his request for release.

## II.    LEGAL STANDARD

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008).  The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a

sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)).  A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release.  *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020).

Section 3582(c) provides as follows:

The court may not modify a term of imprisonment once it has been imposed except that--

(1) in any case--

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that--

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  Thus, a defendant seeking a reduction in sentence must both exhaust his administrative remedies and demonstrate "extraordinary and compelling reasons" in support of his early release.

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence

3

disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow the Court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Finally, the U.S. Sentencing Commission has issued a policy statement on reduction of sentence pursuant to § 3582(c)(1)(A) providing that a district court may reduce a sentence if the court determines as follows:

> (1)(A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. However, "this statement is at least partly anachronistic because it has not yet been updated to reflect the new procedural innovations of the First Step Act." *Ebbers*, 432 F. Supp. 3d at 427.

## III.   ANALYSIS

To begin, Lewis has not established that he exhausted his administrative remedies as required by § 3582(c)(1)(A). The United States Court of Appeals for the Sixth Circuit recently clarified that although the compassionate release exhaustion requirement is not jurisdictional, it does constitute a mandatory claim-processing rule. *U.S. v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). This claims-processing rule "serves important interests" including that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835. Any compassionate release motion filed less than 30 days after the warden receives a compassionate release request must be denied without prejudice. *Id.* at 836.

Lewis does not address the administrative exhaustion requirement in his brief.  He must prove with evidence that he made a request to the warden, and that it was received by the warden, in order to establish that thirty days elapsed before he moved this Court for relief.  Although the Court appreciates the time-sensitive nature of a request for compassionate release, the Court has no basis to conclude that Lewis exhausted his administrative remedies as required by § 3582(c)(1)(A).  However, the Court gives Lewis leave to file an amended motion for compassionate release to present evidence that he has exhausted his administrative remedies.

Even if Lewis had exhausted his administrative remedies, however, the Court could not grant his Motion for Compassionate Release on the record before it.  Lewis asserts that he is at greater risk for serious illness from COVID-19 because he suffers from asthma.  COVID-19 is caused by severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2) and was recognized as a pandemic in March 2020.  The Center for Disease Control has concluded, generally, that adults with moderate-to-severe asthma might be at higher risk for serious illness if they contract COVID-19.  *See* CDC "People with Certain Medical Conditions:" https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html? (last viewed 11/16/2020).  However, Lewis has not submitted any evidence, such as medical records or a physician's statement, proving that he has asthma, that the asthma is moderate to severe, or that he personally is at greater risk for serious illness or death if he contracts COVID-19.  Several courts have denied compassionate release to inmates with asthma who did not otherwise prove they were at severe risk from COVID-19 or meet the factors for statutory release.  *See*, *e.g.*, *United States v. Jones*, No. 2:14-cr-20176-1, 2020 WL 5993234, at *1 (E.D. Mich. Oct. 9, 2020) ("Asthma without other medical conditions is not a sufficiently extraordinary or compelling reason such that compassionate release is necessary.") (cleaned up);

*United States v. Montgomery*, No. 1:17-cr-00060, 2020 WL 5891911, at *2 (N.D. Ohio Oct. 5, 2020) (denying compassionate release despite inmate's "arguably severe asthma" because the 18 U.S.C. § 3553 factors weighed against release), *appeal filed*, No. 20-4193 (6th Cir. Nov. 9, 2020); *United States v. Rice*, No. 7:15-019-DCR, 2020 WL 5633845, at *2 (E.D. Ky. Sept. 21, 2020) (denying release where the inmate lacked medical documentation and stating that risk for more severe COVID-19 symptoms was not a compelling reason for release); *United States v. Trent*, No. 17-20839, 2020 WL 4001913, at *4–5 (E.D. Mich. July 15, 2020) (denying release based on asthma where inmate did not prove that he had an especially elevated risk of harm from the virus).

Finally, Lewis did not propose a release plan in the event that the warden or this Court were to grant him an early release. Lewis did not identify where he would live, how he would support himself, and how he would obtain and pay for medical care if he was released.[1] This information is relevant in part to ensure that Lewis is not released to a living situation where his risk of contracting COVID-19 and not receiving adequate medical care is greater than it would be in federal detention.[2] It also is relevant to a determination of whether the public would be at risk that Lewis would re-offend and return to peddling fentanyl. The lack of a release plan weighs against granting Lewis compassionate release.

---

[1] Consuela Preston, Larrin Lewis's mother, stated in her letter dated April 7, 2020 that Lewis could reside with her in Middletown, Ohio. (Doc. 87.) Lewis did not confirm that he would reside with his mother.

[2] According to the BOP, Morgantown FCI has had five inmates and four staff recover from COVID-19, no inmates or staff have died from the virus, and two staff currently have tested positive. Federal BOP, "COVID-19 Coronavirus, Covid-19 Cases:" https://www.bop.gov/coronavirus/ (last accessed 11/16/2020).

**IV.      CONCLUSION**

For the foregoing reasons, Larrin Lewis's Motion for Compassionate Release is hereby

**DENIED WITHOUT PREJUDICE TO RE-FILING**.

**IT IS SO ORDERED.**

Dated this 19th day of November, 2020.

BY THE COURT:


S/Susan J. Dlott
Susan J. Dlott
United States District Judge